JOSEPH AND ROSE DRISKILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Driskill v. Commissioner
Docket No. 19188-93
United States Tax Court
T.C. Memo 1994-620; 1994 Tax Ct. Memo LEXIS 627; 68 T.C.M. (CCH) 1463; December 19, 1994, Filed *627 Decision will be entered under Rule 155. Held: R is not estopped from assessing Federal income taxes (and additions thereto) in Ps' 1987 and 1988 taxable years. For petitioners: Jeffrey S. Gershman. For respondent: Thomas C. Pliske. LARO
LARO
MEMORANDUM OPINION LARO, Judge: The parties submitted this case to the Court fully stipulated under Rule 122. [1] Joseph and Rose Driskill (petitioners) petitioned the Court to redetermine respondent's determination of deficiencies in, and additions to, their 1987 and 1988 Federal income taxes. Respondent determined the following deficiencies and additions to tax: Sec. Sec. Sec.
Year
Deficiency
6653(b)(1)(A)
6653(b)(1)
6661
1987
$ 10,352
$ 8,010
--  $ 2,671
1988
12,241
-- $ 9,587
3,205
Following concessions, the sole issue for decision is whether Joseph Driskill's guilty plea to *628 filing a false 1988 Federal income tax return, see sec. 7206(1), collaterally estops respondent from assessing income tax deficiencies for petitioners' 1987 and 1988 taxable years. We hold that it does not. Discussion
All of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. When they petitioned the Court, petitioners resided in Crystal Lake Park, Missouri. On July 1, 1992, an Information was filed charging Joseph Driskill with violating section 7206(1) for the 1988 taxable year. That case was set to be tried before the U.S. District Court for the Eastern Division of the District of Missouri. Joseph Driskill pleaded guilty to filing a false return, see sec. 7206(1), and the Government, in return, agreed not to pursue any other criminal charges against him with respect to his 1987 and 1988 Federal income tax returns. The District Court sentenced Joseph Driskill to 2 years probation and fined him $ 1,000. Petitioners primarily argue in their brief that statements made by the Assistant U.S. Attorney in the criminal proceeding estop respondent from assessing an income tax liability against petitioners *629 for their 1987 and 1988 taxable years. Petitioners also argue in their brief that the District Court found as a fact that they had 1987 and 1988 tax deficiencies of zero and $ 200, respectively, and, therefore, respondent is estopped from seeking the amounts included in her notice of deficiency. We are not persuaded by petitioners' arguments. The record does not support applying any form of estoppel against respondent. [2] See generally (brief discussion of collateral estoppel and judicial estoppel, the two primary forms of estoppel on which petitioners rely). Moreover, the law regarding administrative settlement offers is firmly established. Written closing agreements under section 7121 and written compromise agreements under section 7122 are the exclusive means for respondent to make a formal, binding settlement of civil tax liabilities. ; ; secs. 301.7121-1 and 301.7122-1, Proced. & Admin. Regs. *630 The record does not indicate the existence of such a closing or compromise agreement that was entered into by petitioners and respondent for 1987 or 1988.
Accordingly, we hold that respondent may assess taxes and additions thereto in petitioners' 1987 and 1988 taxable years. In so holding, we have taken into account all of petitioners' arguments and, to the extent not discussed above, find them to be without merit. To reflect concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code in effect for the years in issue.↩
2. Petitioners bear the burden of proving their estoppel argument. Rule 142(a); . The fact that the case was submitted to the Court under Rule 122 does not change or otherwise lessen their burden. , affd. on other issues .↩